852 F.2d 566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence JOHNSON, Jr., Defendant-Appellant.
 No. 88-5505.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1988.
Decided: July 12, 1988.
 
 Wanda Keyes Robinson, Assistant Federal Public Defender (Fred Warren Bennett, Federal Public Defender, on brief), for appellant.
 Gregg Lewis Bernstein, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Clarence Johnson, a convicted felon, appeals his conviction of knowingly and unlawfully possessing a firearm in violation of 18 U.S.C. Sec. 922(g)(1). He claims that the evidence of the firearm should have been suppressed because it resulted from an illegal stop, search and seizure, and that his mere flight, when police officers approached him, did not establish a reasonable suspicion, within the meaning of the Fourth Amendment, to justify pursuit by the officers.
 
 
 2
 The appellant denied that he ever possessed the firearm or the bag in which it was found, therefore, he does not have standing to raise the suppression issue, and we affirm.
 
 
 3
 On April 13, 1987, two Baltimore policemen were assigned to a special detail in a high crime area near the intersection of West Camden and South Paca Streets when they noticed appellant Clarence Johnson and one Anthony Roland approaching on foot. One of the officers asked the individuals if they had any identification, and according to the testimony of the officers appellant began to run, and as he did so he threw to the ground a white bag he had been carrying. The officers stopped the appellant approximately ten feet from where he had thrown the bag. When one of the officers picked up the bag he could feel the outline of a handgun. The officer reached in the bag and recovered a .22 caliber revolver.
 
 
 4
 According to the testimony of the appellant, when the officers approached, his companion Anthony Roland began to run and that Roland threw down the bag. Appellant testified that he had never had possession of the bag or the firearm, and that he did not know what was in the bag, and that he did not run but merely walked rapidly away from the officers. The appellant having testified that he had never possessed the bag or the firearm, cannot now claim that he was in possession of the bag, and that its contents, the revolver, should be suppressed.
 
 
 5
 The Fourth Amendment applies to persons and not to things, and Fourth Amendment rights may not be vicariously claimed. See Rakas v. Illinois, 439 U.S. 128 (1987), and Alderman v. United States, 394 U.S. 165 (1969). The appellant testified that Anthony Roland possessed the bag containing the firearm and therefore appellant may not assert the right to be free from an unreasonable search and seizure.
 
 
 6
 AFFIRMED.